## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

VANDRICK LAVONNE THOMAS,          *
(AIS #: 148503)                   *
                                  *
        Petitioner,               *
                                  *
        vs.                       *  CIVIL ACTION NO.16-00419-WS-B
                                  *
DEWAYNE ESTES, *et al.*,          *
                                  *
        Respondents.              *

### Report and Recommendation

Vandrick Lavonne Thomas, a state inmate in the custody of Respondent, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254 (Docs. 1, 4).  The petition has been referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), S.D. Ala. GenLR 72(a)(2)(R), and Rule 8 of the Rules Governing Section 2254 Cases.  The undersigned has conducted a careful review of the record and finds that no evidentiary hearing is required to resolve this case. Kelley v. Sec'y for Dep't of Corr., 377 F.3d 1317 (11th Cir. 2004).  Upon consideration, it is recommended that Thomas' petition be **DISMISSED** because it is successive, and that the Court find that Thomas is not entitled to a certificate of appealibility, and consequently, is not entitled to appeal *in forma pauperis*.

### I.   BACKGROUND FACTS

Thomas was convicted in the Circuit Court of Baldwin County, Alabama of first-degree burglary and first-degree robbery on August 19, 1997. (Docs. 1 at 1, 4). He was sentenced to life imprisonment without the possibility of parole.   (Id.). Thomas filed a direct appeal of his convictions and sentence, and on April 30, 1999, the Alabama Court of Criminal Appeals affirmed the trial court in a memorandum opinion. See Thomas v. Hooks, Civ. No. 01-793-BH-C (S.D. Ala. March 14, 2002) (report and recommendations)(citing Thomas v. State, 768 So.2d 1020 (Ala. Crim. App. 1999)) [1]. The Court of Appeals denied Thomas' timely application for rehearing on June 18, 1999. See Thomas v. Hooks, Civ. No. 01-793-BH-C (report and recommendations). Thomas did not seek certiorari review of his direct appeal in the Alabama Supreme Court within 14 days of the denial for rehearing, and a certificate of judgment was entered on July 6, 1999. Id.

Thomas filed a Rule 32 petition in the Circuit Court of Baldwin County, Alabama, on November 22, 2000. Id. The Rule 32 petition was denied without a hearing on March 29, 2001, and the Alabama Court of Criminal Appeals affirmed that denial on June 22, 2001. Id. A request for rehearing was denied by the Alabama Court of Criminal Appeals, and Petitioner sought certiorari

---

[1] In his instant petition, Thomas indicates that he did not appeal any of the grounds of his current petition. However, a review of his previous action in this court reveals an extensive appellate history.

review of the denial of this Rule 32 petition in the Alabama Supreme Court. Id. The Alabama Supreme Court denied his petition for a writ of certiorari, and a certificate of judgment was issued on October 5, 2001. Id.

Thomas filed a habeas petition in this Court on October 16, 2001. See Thomas v. Hooks, Civ. No. 01-793-BH-C. That action was dismissed as time-barred on March 14, 2002. Thomas v. Hooks, Civ. No. 01-793-BH-C (order denying habeas corpus relief). He filed a Notice of Appeal to the Eleventh Circuit on April 10, 2002. Thomas v. Hooks, Civ. No. 01-793-BH-C (Notice of Appeal). On July 9, 2012, the Eleventh Circuit denied his motion for a certificate of appealability, and found his motion for leave to proceed on appeal in forma pauperis moot. Thomas v. Hooks, Civ. No. 01-793-BH-C (Judgment of USCA). The Supreme Court of the United States denied his petition for writ of certiorari on December 2, 2002. Thomas v. Hooks, 2002 U.S. Lexis 8796, 537 U.S. 1052, 123 S. Ct. 607, 154 L. Ed. 2d 529 (2002).

Thomas filed the instant habeas action in July 2016 in the Middle District of Alabama. (Docs. 1, 4). In this petition, Thomas claims that he is actually innocent of the crimes for which he was convicted, and that the evidence was insufficient to convict him of those crimes. (Doc. 1 at 7-9). On August 8, 2016, the Middle District of Alabama ordered that this case be transferred to this Court for further proceedings. (Docs. 3, 4).

## II. DISCUSSION

The Court observes that "[a] second or successive motion [to vacate] must be certified as provided in section 2244 by a panel of the appropriate court of appeals." 28 U.S.C. § 2255(h). A petitioner must seek and obtain this certification "[b]efore a second or successive application. . .is filed in the district court." 28 U.S.C. § 2244(b)(3)(A). "Failure to petition [the court of appeals] for permission to file a successive § 2255 motion leaves the district court without jurisdiction to rule on the successive § 2255 motion and the motion should be dismissed." Lazo v. United States, 314 F.3d 571, 574 (11th Cir. 2002), vacated on other grounds sub nom. Gonzalez v. Sec'y for the Dep't of Corr., 326 F.3d 1175 (11th Cir. 2003), superseding opinion, 366 F.3d 1253 (11th Cir. 2004)(en banc); See also United States v. Holt, 417 F.3d 1172, 1175 (11th Cir, 2007)(per curiam); Allen v. United States, 2012 U.S. Dist. LEXIS 73734 (S.D. Ala. April 6, 2012).

As this is Thomas' second federal habeas petition attacking his 1997 convictions, this court lacks jurisdiction to address his petition absent permission from the Eleventh Circuit authorizing Thomas to file a successive petition. See Lazo, 314 F.3d at 574; Fredriksen v. United States, 2013 U.S. Dist. LEXIS 127458 (S.D. Ala. August 2, 2013); Allen v. United States, 2012 U.S. Dist. LEXIS 73734 (S.D. Ala. April 6, 2012). Thomas does

4

not allege and the record does not establish that he sought and obtained permission from the Eleventh Circuit before filing the instant successive petition; thus, this Court is required to dismiss his petition.

Accordingly, it is recommended that Thomas' petition be dismissed as successive, and that judgment be entered in favor of the Respondent.

### II.  **Certificate of Appealability**

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the undersigned recommends that a certificate of appealability in this case be **DENIED**. 28 U.S.C. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may be issued only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Where a habeas petition is being denied, in part, on procedural grounds without reaching the merits of an underlying constitutional claim, "a COA should be issued [only] when the prisoner shows . . . that jurists of reason would find it

debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604 146 L. Ed. 2d 542 (2000).  Where a habeas petition is being denied on the merits of an underlying constitutional claim, a certificate of appealability should be issued only when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. ("To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under Barefoot v. Estelle, 463 U.S. 880, 893, 103 S. Ct. 3383, 3394 77 L. Ed. 2d 1090 (1983)], includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.") (internal quotation marks omitted); accord Miller El v. Cockrell, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003).

Thomas' petition does not warrant the issuance of a certificate of appealability, as his petition is clearly successive because he failed to seek and obtain permission from the Eleventh Circuit before filing the instant petition.  Under

the facts of this case, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Petitioner should be allowed to proceed further. Slack, 529 U.S. at 484, 120 S. Ct. at 1604 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."). Accordingly, the undersigned recommends that the Court conclude that no reasonable jurist could find it debatable whether Thomas' petition should be dismissed and as a result, he is not entitled to a certificate of appealability.

### III. CONCLUSION

Based on the foregoing, it is the recommendation of the undersigned Magistrate Judge that Thomas' petition for habeas corpus be dismissed with prejudice as successive and that judgment be entered in favor of the Respondents, Dewayne Estes and Luther Strange, and against the Petitioner, Vandrick Lavonne Thomas. It is further recommended that any motion for a Certificate of Appealability or for permission to appeal *in forma pauperis* be denied.

### Notice of Right to File Objections

A copy of this report and recommendation shall be served on

7

all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b); S.D. ALA GenLR 72(a)(2)(R). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." *11th Cir. R. 3-1.* In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing done by the Magistrate Judge is not specific.

      **DONE** this **11th** day of **August, 2016.**

                                      **/s/ SONJA F. BIVINS**
                                  **UNITED STATES MAGISTRATE JUDGE**